# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

\* \* \*

JOHN ZABY

    Plaintiff,

v.

PERFECTION COLLECTION, LLC
TRANS UNION LLC

    Defendant(s).

Case No. 2:19-cv-00539-RFB-DJA

**ORDER**

## I. INTRODUCTION

Before the Court is Plaintiff John Zaby's Motion for Default Judgment against Defendant Perfection Collection, LLC (ECF No. 16). For the reasons stated below, the Court grants the motion.

## II. PROCEDURAL BACKGROUND

Plaintiff sued Defendants on April 1, 2019, asserting causes of action for violations of the Fair Credit Reporting Act (15 U.S.C. § 1681 *et seq*), and the Fair Debt Collection Practices Act (15 U.S.C. §1692 *et seq*). ECF No. 1. Defendant Perfection Collection, LLC ("Perfection") was served on April 5, 2019. ECF No. 10. On May 10, 2019, the Clerk of the Court entered default against Perfection. ECF No. 11.

## III. FACTUAL ALLEGATIONS

Plaintiff alleges as follows in his complaint and motion for default judgment: Perfection seeks to collect a debt originally owned by Vivint, Inc against Plaintiff. On August 9, 2018, Plaintiff sent

a dispute letter to Perfection regarding the debt. In the dispute letter Plaintiff informed Perfection that the debt does not belong to him, requested verification of the debt, and demanded that Perfection cease and desist contact. In August 2018, Plaintiff reviewed his consumer reports and discovered that Perfection was reporting the debt without a dispute notation. Perfection also served a collection notice to Plaintiff on August 16, 2018 offering to resolve the alleged debt for $2,081 and threatened to garnish Plaintiff's wages despite not having a judgment for the debt. Plaintiff now alleges violations of section 1681s-2(b) of the FCRA, and of various provisions of section 1692 of the FDCPA.

## IV. LEGAL STANDARD

The granting of a default judgment is a two-step process directed by Federal Rule of Civil Procedure ("Rule") 55. Eitel v. McCool, 782 F.2d 1470, 1471 (9th Cir. 1986). The first step is an entry of clerk's default based on a showing, by affidavit or otherwise, that the party against whom the judgment is sought "has failed to plead or otherwise defend." Fed. R. Civ. P. 55(a). The second step is default judgment under Rule 55(b), a decision which lies within the discretion of the Court. Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).

Factors which a court, in its discretion, may consider in deciding whether to grant a default judgment include: (1) the possibility of prejudice to the plaintiff, (2) the merits of the substantive claims, (3) the sufficiency of the complaint, (4) the amount of money at stake, (5) the possibility of a dispute of material fact, (6) whether the default was due to excusable neglect, and (7) the Federal Rules' strong policy in favor of deciding cases on the merits. Eitel, 782 F.2d at 1471–72.

If an entry of default is made, the Court accepts all well-pleaded factual allegations in the complaint as true; however, conclusions of law and allegations of fact that are not well-pleaded

will not be deemed admitted by the defaulted party. DirecTV, Inc. v. Hoa Huynh, 503 F.3d 847, 854 (9th Cir. 2007). Additionally, the Court does not accept factual allegations relating to the amount of damages as true. Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977). Default establishes a party's liability, but not the amount of damages claimed in the pleading. Id.

## V. DISCUSSION

The Court finds that the Eitel factors warrant the granting of default judgment. Plaintiff will be prejudiced because he continues to suffer from a loan denial due to the inaccurate tradeline remaining on his credit reports. The Court also finds that Plaintiff's substantive claims have merit. The Court assumes as it must that Plaintiff's well-pleaded factual allegations are true. These allegations include that Perfection threatened garnishment of Plaintiff's wages despite not having a judgment on which it could collect, continued to contact Plaintiff despite his written instructions to cease collection efforts, and reported the debt as not disputed to consumer reporting agencies. The Court finds that such conduct violates § 1681s-2 of the FCRA, which proscribes a furnisher from reporting inaccurate information to credit reporting agencies. 15 U.S.C. § 1681s-2. Such behavior also violates 15 U.S.C. §1692e(8) and § 1692e(10), which proscribe debt collectors from communicating credit information that they know to be false, including the failure to communicate that a debt is disputed, and using false representations or deceptive means to collect or attempt to collect a debt. 15 U.S.C. §§ 1692e(8), 1692e(10). Finally, such conduct could also constitute unfair or unconscionable means of collecting a debt in violation of 15 U.S.C. §1692f. 15 U.S.C. § 1692f (proscribing debt collectors from using unfair or unconscionable means to collect or attempt to collect any debt). The Court finds that the complaint is factually sufficient. The Court also finds it unlikely that there will be a dispute as to material facts, and no facts or evidence is presented before the Court to suggest that Perfection's default was due to excusable neglect.

Both the FCRA and the FDCPA allow for damages and attorneys' fees for statutory violations. 15 U.S.C. § 1681n (providing for maximum statutory damages of $1000 and attorneys' fees for willful noncompliance of the FCRA); 15 U.S.C. § 1681o (providing for actual damages and attorneys' fees for negligent noncompliance of the FCRA);15 U.S.C. § 1692k (allowing for actual damages and additional damages of up to $1000 plus attorneys' fees for violation of the FDCPA).

The Court grants Plaintiff the statutory maximum of $1000 for the FDCPA and $1000 for the FCRA violations. The Court will also award the requested attorneys' fees and costs of $4861.25, having reviewed Plaintiff's counsel's declaration and having found the amount requested reasonable.

**VI.     CONCLUSION**

**IT IS THEREFORE ORDERED** that a default judgment in the amount of $6,861.25 be entered against Defendant Perfection Collection, LLC.

The Clerk of the Court is instructed to close the case.

DATED: October 9, 2019.

_____
**RICHARD F. BOULWARE, II
UNITED STATES DISTRICT JUDGE**